**The following constitutes
the order of the court. Signed January 22, 2013**

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WILLIAM EDGAR DAVIS,<br><br>_____Debtor/<br>ZELMA STENNIS AND<br>KEVIN STENNIS,<br>           Plaintiffs<br>v.<br>WILLIAM EDGAR DAVIS,<br><br>_____ _____Defendant/ | Case No. 10-74245 MEH<br>Chapter 7<br><br><br><br>Adv. No. 11-04066 AH |

AMENDED MEMORANDUM DECISION

On September 10, 2012 the court held a hearing on the motions for summary judgment filed by each party on August 8, 2012. Subsequently, the court issued its Memorandum Decision granting Plaintiffs' motion for partial summary judgment in part and denying it in part and denying Defendant's motion for summary judgment (docket no. 143). The Memorandum Decision, issued October 12, 2012, found that the evidence presented to the court was

insufficient to determine whether a portion of the attorney fee award was attributable to those claims found to be nondischargeable.

The court then received briefing by the parties on the attorney's fee issue and a further hearing was held January 14, 2013.

Here, the court amends its October 12, 2012 Memorandum Decision and determines that Defendant's obligation to Plaintiff Zelma Stennis in the amount of $270,648.18 is nondischargeable.

A. Background

Plaintiff Zelma Stennis filed a lawsuit in Los Angeles County Superior Court against Defendant. Her third amended complaint included causes of action for fraud, violation of Elder Abuse and Dependent Adult Civil Protection Act, conversion, intentional and negligent tortious interference with prospective economic relations, negligence, breach of fiduciary duty, negligent and intentional infliction of emotional distress, injunctive relief, quiet title, cancellation of instrument, declaratory relief/setoff, and injunctive relief.

In her complaint Plaintiff Zelma Stennis alleged that Defendant, while not a real estate agent or broker, requested that she allow him to find a buyer for her Los Angeles property. For a period of 18 months Defendant did not secure a buyer and Plaintiff Zelma Stennis hired a licensed real estate broker. Aside from ordering a

temporary rental fence at $115/month for 4 months, Defendant had not improved the property, but placed and recorded a mechanics lien on the property on December 18, 2006.

The Superior Court conducted a jury trial. Following trial, the jury returned a verdict in Plaintiff Zelma Stennis' favor; issuing a special verdict on July 22, 2010.

The Superior Court further awarded Plaintiff Zelma Stennis attorney fees and costs in the amount of $213,499.62. Defendant did not appeal the judgment or the fee order.

Defendant filed his petition under Chapter 7 on December 13, 2010. Plaintiffs timely filed their complaint to determine dischargeability and object to discharge. They subsequently amended it twice. The third amended complaint ("Complaint") was filed December 15, 2011.

This court has subject matter jurisdiction of this proceeding under 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

B. Discussion

1. Summary Judgment Standard

Summary judgment is appropriate when there exists "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Fed.

R. Bankr.P. 7056 (establishing that Rule 56 applies to adversary proceedings).

The Supreme Court discussed the standards for summary judgment in a trilogy of cases, *Celotex Corporation v. Catrett*, 477 U.S. 317, 327 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electrical Industry Co. v. Zenith Radio Corp.*, 477 U.S. 574 (1986). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. In a motion for summary judgment, the moving party bears the initial burden of persuasion in demonstrating that no issues of material fact exist. *Anderson* 477 U.S. at 255. A genuine issue of material fact exists when the trier of fact could reasonably find for the non-moving party. *Id.* at 248. The court may consider pleadings, depositions, answers to interrogatories and any affidavits. *Celotex* 477 U.S. at 323. Where the movant bears the burden of persuasion as to the claim, it must point to evidence in the record that satisfies its claim. *Id.* at 252. In determining whether the movant has met its burden, the court should consider all reasonable inferences in a light most favorable to the non-movant. *Matsuhita* 477 U.S. at 588.

2. <u>Plaintiffs' Motion For Summary Judgment</u>

Plaintiffs claim that they are entitled to summary judgment based on collateral estoppel of the state court judgment obtained by Plaintiff Zelma Stennis.

### Collateral Estoppel Standard

The doctrine of collateral estoppel applies in bankruptcy dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991). In determining whether a party should be estopped from relitigating an issue decided in a prior state court action, the bankruptcy court must look to that state's law of collateral estoppel. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir.1995).

Under California law, collateral estoppel requires that (1) the issue sought to be precluded from litigation must be identical to that decided in the former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must have been final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citation omitted).

### Collateral Estoppel Argument Does Not Apply To Plaintiff Kevin Stennis

The Complaint seeks a determination of non-dischargeability as to costs awarded to Kevin Stennis by the state court. The Superior Court's September 6, 2011 minute order indicates that $610 in costs

were awarded to Kevin Stennis for defending against Defendant's cross-complaint that was voluntarily dismissed on October 14, 2008.

Plaintiff Kevin Stennis was not a party to the underlying state court action commenced by Plaintiff Zelma Stennis that constitutes the basis for Plaintiffs' collateral estoppel argument. The fee award in favor of Kevin Stennis relates only to an unsuccessful cross-complaint that was never litigated, but voluntarily dismissed by Defendant.

Therefore, the facts and issues underlying the fee award are not identical with the issues in this adversary proceeding.

Thus, collateral estoppel does not apply to Kevin Stennis' claim; summary judgment is denied as to Kevin Stennis.

Hence, the following discussion, focuses only on summary judgment as to Plaintiff Zelma Stennis ("Plaintiff").

<u>The Elements of a Cause of Action for Intentional Infliction of Emotional Distress Are Substantively Equivalent to the Requirements of §523(a)(6)</u>

To determine whether the state court judgment is entitled to collateral estoppel effect, the court must first determine whether the cause of action for intentional infliction of emotional distress is similar enough to the Bankruptcy Code's[1] §523(a)(6)

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.*, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

standard for collateral estoppel to apply. If collateral estoppel applies, Defendant is precluded from rearguing any material issues of fact, and summary judgment can be entered for Plaintiff.

Section 523(a)(6) provides that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. The type of debts excluded from discharge under §523(a)(6) are limited to intentional tort debts. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998).

For purposes of §523(a)(6) nondischargeability, the bankruptcy court must find the injury inflicted by the debtor was both "willful" and "malicious." *Matter of Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010). *See also In re Barboza*, 545 F.3d 702, 711 (9th Cir. 2008).

Willful injury within the meaning of §523(a)(6) means "deliberate or intentional." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 n.3 (1998). This requirement is met when the creditor shows that the debtor either had a subjective motive to inflict the injury or that the debtor believed the injury was substantially certain to occur as a result of his or her conduct. *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001).

A "malicious injury" under §523(a)(6) involves a wrongful act; done intentionally; that necessarily causes injury; and that is

committed without just cause or excuse. *Id.* at 1209. *See In re Thiara*, 285 B.R. 420, 427 (B.A.P. 9th Cir. 2002).

The state court complaint included a cause of action for intentional infliction of emotional distress.

Case law supports the application of collateral estoppel to a state court judgment for intentional infliction of emotional distress. *See In re Elder*, 262 B.R. 799, 808 (C.D. Cal. 2001); *In re Lee*, 2011 WL 841247 (Bankr. N.D. Cal. Mar. 7, 2011); s*ee also Robinson v. Louie (In re Louie)*, 213 B.R. 754, 758-59 (Bankr. N.D. Cal. 1997); *Impulsora Del Territorio v. Cecchini (In re Cecchini)*, 780 F.2d 1440, 1443 (9th Cir.1986).

Under California law, the elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). (4) The conduct must be "directed at plaintiff, or occur in the presence of a plaintiff of whom defendant is aware." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (en banc) (quotations and citations omitted).

Intentional infliction of emotional distress is a tort under California law. "Tortious conduct under state law is necessarily wrongful." See Lockerby v. Sierra, 535 F.3d 1038, 1040 (9th Cir.2008). Thus, the jury verdict establishes debtor committed a wrongful act.

The jury further found that Defendant's conduct was outrageous and he intended to cause Plaintiff emotional distress. The jury concluded that Defendant's conduct was a "substantial factor" in the severe emotional distress Plaintiff suffered. Thus, Defendant's conduct necessarily caused injury.

Finally, there was no indication of just cause or excuse. Thus, the issue to be decided under §523(a)(6) is the same as in the former proceeding under intentional infliction of emotional distress.

Collateral estoppel further requires that a matter was actually litigated and necessarily decided. The Superior Court held a jury trial in the underlying case. The jury's Special Verdict identifies the conclusions it made from the evidence presented. The court concludes on this record that the elements of the §523(a)(6) claim were actually litigated and necessarily decided in the Superior Court.

The state court judgment is also final and on the merits. A jury found Defendant liable for intentional infliction of emotional

distress, a judgment was entered against Defendant, and Defendant did not appeal the judgment within the required period. Defendant is the same defendant as in the state court proceeding. Thus, all elements of collateral estoppel are satisfied.

Collateral estoppel can be invoked as to the amount of the debt owed by Defendant. *See Sasson v. Sokolof (In re Sasson)*, 424 F.3d 864, 872 (9th Cir. 2005). Punitive damages may fall within the scope of "any debts" under §523(a). *See Cohen v. De La Cruz*, 523 U.S. 213, 220-21 (1998) (interpreting "any debt for" fraud under §523(a)(2)(A) to mean any liability arising from or on account of debtor's fraud, including a treble damages award for the fraud).

The jury found damages against Defendant for intentional infliction of emotional distress in the amount of $85,000.00, consisting of future non-economic losses and punitive damages of $8,103.18. The state court entered a judgment for this amount and that judgment is now final. Defendant is therefore precluded from arguing this amount of debt.

Plaintiff is entitled to judgment as a matter of law in the amount of $93,103.18. The debt is nondischargeable under 11 U.S.C. § 523(a)(6).

## The Elements of a Cause of Action for Intentional Misrepresentation And Concealment Are Substantively Equivalent to the Requirements of §523(a)(2)(A)

*Intentional Misrepresentation*

Pursuant to §523(a)(2)(A), a monetary debt is nondischargeable to the extent obtained by false pretenses, a false representation, or actual fraud.

To establish that the debt is nondischargeable, Plaintiffs must show that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations. *In re Diamond*, 285 F.3d 822, 827 (9th Cir. 2002) (citations omitted).

Ninth Circuit case law confirms that the elements of fraud under California law match the ones under §523(a)(2)(A). *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373-74 (B.A.P. 9th 1997) ("The elements of §523(a)(2)(A) 'mirror the elements of common law fraud' and match those for actual fraud under California law."). *See also Baldwin v. Kirkpatrick (In re Baldwin)*, 245 B.R. 131, 134 (B.A.P. 9th Cir. 2000).

According to the special verdict the jury found the following elements on the state court intentional misrepresentation claim:

(1) False representation of an important fact; (2) Defendant knew the representation was false or he made the representation with reckless disregard for its truth; (3) Defendant intended Plaintiff to rely on the representation; (4) Plaintiff reasonably relied on the representation; (5) Plaintiff's reliance on Defendant's representation was a substantial factor in causing harm to her; and (6) Non-economic damages (including physical pain, mental suffering) resulted. In addition, the jury awarded punitive damages.

Thus, the state court judgment for intentional misrepresentation is sufficiently identical with the issues under §523(a)(2)(A) to establish nondischargeability by collateral estoppel. The amount of $20,000 is found to be non-dischargeable.

*Concealment*

Plaintiff also relies on the state court judgment for concealment for her collateral estoppel argument.

Fraud under §523(a)(2)(A) means actual fraud. The term "actual fraud" was added as a ground for exception from discharge with enactment of the Bankruptcy Code and "[w]hatever doubt there may have been prior to the enactment of the Code that fraud may consist of concealment or intentional nondisclosure as well as affirmative misrepresentations of material facts, is clearly dispelled by the addition of the term 'actual fraud' in §523(a)(2)(A)." *In re*

*Evans*, 181 B.R. 508, 515 n.6 (Bankr. S.D. Cal. 1995). It is, thus, "well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under §523(a)(2)(A)." *Id.* at 514-15. *See In re Daquila,* 2011 WL 3300197 (B.A.P. 9th Cir. Feb. 28, 2011) ("A debtor's failure to disclose material facts constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to disclose and possessed an intent to deceive."); *In re Miller*, 310 B.R. 185, 196 (Bankr. C.D. Cal. 2004) ("The concealment or omission of material facts that a party has a duty to disclose can support the nondischargeability of a debt on the grounds of actual fraud.").

To show actual fraud the plaintiff must prove that 1) defendant made a misrepresentation, concealment, or non-disclosure of a material fact; 2) defendant had knowledge that what he was saying was false; 3) defendant intended to induce plaintiff's reliance; 4) plaintiff justifiably relied; and 5) plaintiff suffered damage as a result. *Odorizzi v. Bloomfield School Dist.*, 246 Cal.App.2d 123, 128-129 (Cal. Ct. App. 1966); Cal. Civ. Code § 1572.

Here, the jury found that Defendant intentionally failed to disclose an important fact that Plaintiff did not know and could not reasonably have discovered, Defendant intended to deceive her by concealing the fact, Plaintiff relied on Defendant's deception

and her reliance was reasonable under the circumstances, defendant's concealment was a substantial factor in causing harm to her, and Plaintiff suffered past non-economic loss (including physical pain/mental suffering) in the amount of $20,000.

Thus, the state court judgment for concealment is sufficiently identical with the issues under §523(a)(2)(A) and the amount of $20,000 is non-dischargeable as well.

<u>The Elements of a Cause of Action for Breach of Contract Are Not Substantively Equivalent the requirements of §523(a)(4)</u>

Section 523(a)(4) excludes from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Plaintiff relies on the state court judgment for breach of fiduciary duty to establish collateral estoppel. When the nondischargeability complaint is based on fraud or defalcation in a fiduciary relationship, the creditor must prove that 1) defendant was acting in a fiduciary capacity; and 2) while acting in that capacity, he engaged in fraud or defalcation. *In re Stanifer*, 236 B.R. 709, 713 (B.A.P. 9th Cir. 1999).

For purposes of §523(a)(4), the fiduciary relationship requires (1) an express or technical trust; (2) the trust must exist prior to wrongdoing; (3) state law must clearly define fiduciary duties

and identify trust property; and (4) an identifiable trust res. *In re Honkanen*, 446 B.R. 373, 378-80 (B.A.P. 9th Cir. 2011).

According to the state court complaint, Defendant – while not a real estate agent or broker – requested that Plaintiff allow him to find a buyer for her Los Angeles property. For a period of 18 months Defendant did not secure a buyer and Plaintiff then hired a licensed real estate broker.

The jury found that Defendant owed Plaintiff a fiduciary duty as an agent business manager (financial advisor). He breached that fiduciary duty; harming Plaintiff as a result. Defendant's conduct was a substantial factor in causing her harm, and that Plaintiff incurred past non-economic damages in the amount of $250,000. The jury also awarded punitive damages.

The crucial question for this court is whether Defendant's fiduciary status determined to be an agent business manager/financial advisor qualifies as fiduciary under §523(a)(4). In bankrupty, breach of a fiduciary duty is defined narrowly. The broad definition of fiduciary under state law — "a relationship involving trust, confidence, and good faith — is inapplicable in the dischargeability context." *In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003).

In a recent case involving a real estate licensee, the Ninth Circuit found: "General fiduciary obligations are not sufficient

to fulfill the fiduciary capacity requirement in the absence of a statutory, express, or technical trust." *In re Honkanen*, 446 B.R. 373, 381 (B.A.P. 9th Cir. 2011). Defendant was an unlicensed financial advisor. There is no state law establishing duties or related trust property for financial advisors. Defendant did not hold any property in trust. The state court complaint does not allege that Defendant ever held any property (a trust res) for Plaintiff. The complaint merely stated that Defendant acted "as Plaintiff's agent to sell the property." As stated above, general fiduciary obligations (a relationship involving trust, confidence, and good faith) are not sufficient to fulfill the fiduciary capacity requirement in the absence of a statutory, express, or technical trust. Here, there was no trust due to the lack of a trust res.

In the absence of a trust res, there was no express, technical or statutory trust formed between Defendant and Plaintiff. Consistent with the reasoning and holding of *Honkanen*, Defendant was not acting in a fiduciary capacity as required by §523(a)(4). Accordingly, the Plaintiff's state court judgment against Defendant for breach of fiduciary duty in the amount of $250,000 is dischargeable.

Remaining Claims

Except to the extent that certain claims are determined to be nondischargeable herein, Plaintiffs' motion for summary judgment is denied on the basis that collateral estoppel does not establish nondischargeability as to the remaining claims.

Allocation of State Court Attorney's Fee Award

The court's allocation of the attorney's fees is based on the fees and costs statements submitted by plaintiffs and the declaration of plaintiffs' counsel, who was also the counsel of record in the state court proceeding (docket nos. 152, 153).

The court determines that the hourly rates of state court counsels, Mr. Conley and Ms. Hatter, are reasonable and within the range of hourly rates of attorneys in the Los Angeles.

Based upon the court's review of the fees and costs statements provided, $131,945 in attorney's fees and $5,600 in costs relate to nondischargeable claims. Thus, the total fee award of $137,454 is determined to be nondischargeable in addition to the $133,103.18 previously determined to be nondischargeable.

3. Defendant's Motion for Summary Judgment

As part of his motion for summary judgment Defendant reiterates the arguments he made in his opposition to Plaintiffs' motion for summary judgment.

Defendant argues with respect to §523(a)(2)(A) that Plaintiffs fail to plead fraud with particularity, further that the state court judgment for punitive damages was unsupported by the law, and that Plaintiffs will not be able to produce any evidence to support their claims. Also, Defendant repeatedly makes an argument with respect to the lack of any economic loss by Plaintiff, which the court finds difficult to understand.

In summary, Defendant is essentially listing several reasons why Plaintiffs will not succeed with their motion. However, he does not submit an argument or a legal basis upon which his summary judgment motion should be granted. The court being unable to find such basis, Defendant's motion for summary judgment is denied.

Conclusion

For the reasons discussed above, Plaintiff Zelma Stennis is entitled to judgment of a non-dischargeable claim against Defendant in the total amount of $270,648.18. The court will issue a separate judgment.

```
 1                        COURT SERVICE LIST
     Helaine Hatter
 2   Law Offices of Helaine Hatter
     9400 National Blvd. #1
 3   Los Angeles, CA 90034

 4

 5   William Edgar Davis
     POB 213
 6   Walnut Creek, CA 94597

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612